IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, <br><br> Plaintiffs, <br><br> v. <br><br> BIOCON LIMITED, BIOCON PHARMA, INC. AND BIOCON PHARMA LIMITED, <br><br> Defendants. | C.A. No. _____ |

## COMPLAINT

Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Pharma GmbH & Co. KG, by their undersigned attorneys, for their Complaint against Defendants Biocon Limited, Biocon Pharma Limited, and Biocon Pharma, Inc., hereby allege as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' TRADJENTA® (linagliptin) tablets prior to the expiration of United States Patent Nos. 8,853,156, 9,486,526, 10,034,877, and 11,911,388.

## THE PARTIES

2.    Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3.    Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

4.    Plaintiff Boehringer Ingelheim Pharma GmbH & Co. KG ("BIPKG") is a limited liability partnership organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

5.    BIPI, BII, and BIPKG are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6.    On information and belief, Defendant Biocon Limited ("Biocon Ltd.") is a company organized and existing under the laws of India, having a principal place of business at 20th KM, Hosur Road, Electronic City, Bengaluru, 560100, Karnataka, India.

7.    On information and belief, Defendant Biocon Pharma Limited ("Biocon Pharma Ltd.") is a company organized and existing under the laws of India, having a principal place of business at 20th KM, Hosur Road, Electronic City, Bengaluru, 560100, Karnataka, India.

8.    On information and belief, Biocon Pharma Ltd. is a wholly owned subsidiary of Biocon Ltd.

9.    On information and belief, Defendant Biocon Pharma, Inc. ("Biocon Pharma, Inc.") is a corporation organized and existing under the laws of the State of Delaware, having a registered agent for the service of process at Harvard Business Services, Inc., 16192 Coastal Highway,

Lewes, Delaware 19958, and having a principal place of business at 485 US-1 Building B, Iselin, NJ 08830.

10.     On information and belief, Biocon Pharma, Inc. is a wholly owned subsidiary of Biocon Pharma Ltd. On information and belief, Biocon Ltd. is the ultimate parent company of Biocon Pharma, Inc. On information and belief, Biocon Pharma, Inc. is the United States agent for Biocon Ltd. and/or Biocon Pharma Ltd.

11.     On information and belief, Biocon Pharma, Inc. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, distributing, and/or importing generic pharmaceutical products throughout the United States, including in the State of Delaware, either directly or indirectly.

12.     On information and belief, the acts of Biocon Pharma, Ltd. and/or Biocon Pharma, Inc. complained of herein were done with the direction, cooperation, participation, and/or assistance of Biocon Ltd.

13.     Biocon Pharma, Inc., Biocon Pharma Ltd., and Biocon Ltd. are collectively referred to herein as "Biocon."

14.     On information and belief, Biocon Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within Delaware, through its own actions and through the actions of its agents and subsidiaries, including Biocon Pharma Ltd. and Biocon Pharma, Inc., from which Biocon Ltd. derives a substantial portion of its revenue.

15.     On information and belief, Biocon Ltd. acted in concert with and directed Biocon Pharma Ltd. and/or Biocon Pharma, Inc. to prepare and submit ANDA No. 220117 (the "Biocon

ANDA") for Biocon's 5 mg linagliptin product (the "Biocon ANDA Product"). On information and belief, if the FDA approves the Biocon ANDA, Biocon Ltd. will act in concert with and direct Biocon Pharma Ltd. and/or Biocon Pharma, Inc. to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Biocon ANDA Product in or into the United States, including Delaware.

## JURISDICTION AND VENUE

16.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

17.     Venue is proper in this Court because, among other things, Biocon Pharma, Inc. is incorporated in the State of Delaware and therefore "resides" in this judicial district, and Biocon has committed acts of infringement in this district. 28 U.S.C. § 1400(b). Biocon Ltd. and Biocon Pharma Ltd. are foreign corporations not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c). Moreover, Biocon has previously availed themselves of the legal protections of this district by, among other things, admitting or waiving objections to jurisdiction and/or asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g.*, *Novo Nordisk, Inc. et al. v. Biocon Pharma Limited et al.*, C.A. 22-937 (D. Del.); *Novartis Pharms. Corp. v. Alkem Labs. Ltd. et al.*, C.A. No. 19-1979 (D. Del.); *Novartis Pharms. Corp. v. Accord Healthcare Inc.*, C.A. No. 18-1043 (D. Del.); *Sanofi-Aventis U.S. LLC et al. v. Biocon Ltd.*, C.A. No. 17-3 (D. Del.); *Teva Pharms. USA, Inc., et al. v. Biocon Ltd. et al.*, C.A. No. 16-278 (D. Del.).

## PERSONAL JURISDICTION OVER BIOCON PHARMA, INC.

18.    Plaintiffs reallege paragraphs 1-17 as if fully set forth herein.

19.    On information and belief, Biocon Pharma, Inc. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

20.    This Court has personal jurisdiction over Biocon Pharma, Inc. because, *inter alia*, Biocon Pharma, Inc., on information and belief: (1) is incorporated in the State of Delaware; (2) has substantial, continuous, and systematic contacts with this judicial district; (3) makes its generic drug products available in this judicial district; (4) intends to market, sell, or distribute Biocon's ANDA Product to residents of this judicial district; (5) maintains a broad distributorship network within this judicial district; and (6) enjoys substantial income from sales of its generic pharmaceutical products in this judicial district.

21.    Additionally, Biocon Pharma, Inc. has previously availed itself of the legal protections of the State of Delaware, by admitting or waiving objections to jurisdiction and/or asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g., Novo Nordisk, Inc. et al. v. Biocon Pharma Limited et al.*, C.A. 22-937 (D. Del.); *Novartis Pharms. Corp. v. Alkem Labs. Ltd. et al.*, C.A. No. 19-1979 (D. Del.); *Sanofi-Aventis U.S. LLC et al. v. Biocon Ltd.*, C.A. No. 17-3 (D. Del.); *Novartis Pharms. Corp. v. Accord Healthcare Inc.*, C.A. No. 18-1043 (D. Del.).

## PERSONAL JURISDICTION OVER BIOCON LTD.

22.    Plaintiffs reallege paragraphs 1-21 as if fully set forth herein.

23.    On information and belief, Biocon Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

24.    This Court has personal jurisdiction over Biocon Ltd. because, *inter alia,* Biocon Ltd., on information and belief: (1) intends to market, sell, or distribute Biocon's ANDA Product to residents of this State; (2) controls Defendant Biocon Pharma, Inc., which is incorporated in the State of Delaware; (3) makes its generic drug products available in this State through Biocon Pharma, Inc., which is incorporated in the State of Delaware; (4) maintains a broad distributorship network within this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

25.    Additionally, Biocon Ltd. has previously availed itself of the legal protections of the State of Delaware, by admitting or waiving objections to jurisdiction and/or asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g.*, *Novo Nordisk, Inc. et al. v. Biocon Pharma Limited et al.*, C.A. 22-937 (D. Del.); *Novartis Pharms. Corp. v. Alkem Labs. Ltd. et al.*, C.A. No. 19-1979 (D. Del.); *Sanofi-Aventis U.S. LLC et al. v. Biocon Ltd.*, C.A. No. 17-3 (D. Del.); *Novartis Pharms. Corp. v. Accord Healthcare Inc.*, C.A. No. 18-1043 (D. Del.); *Teva Pharms. USA, Inc., et al. v. Biocon Ltd. et al.*, C.A. No. 16-278 (D. Del.).

26.    Alternatively, to the extent the above facts do not establish personal jurisdiction over Biocon Ltd., this Court may exercise jurisdiction over Biocon Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Biocon Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Biocon Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing an ANDA with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Biocon Ltd. satisfies due process.

## PERSONAL JURISDICTION OVER BIOCON PHARMA LTD.

27.     Plaintiffs reallege paragraphs 1-26 as if fully set forth herein.

28.     On information and belief, Biocon Pharma Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

29.     This Court has personal jurisdiction over Biocon Pharma Ltd. because, *inter alia,* Biocon Pharma Ltd., on information and belief: (1) intends to market, sell, or distribute Biocon's ANDA Product to residents of this State; (2) controls Defendant Biocon Pharma, Inc., which is incorporated in the State of Delaware; (3) makes its generic drug products available in this State through Biocon Pharma, Inc., which is incorporated in the State of Delaware; (4) maintains a broad distributorship network within this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

30.     Additionally, Biocon Pharma Ltd. has previously availed itself of the legal protections of the State of Delaware, by admitting or waiving objections to jurisdiction and/or asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware.  *See, e.g.*, *Novo Nordisk, Inc. et al. v. Biocon Pharma Limited et al.*, C.A. 22-937 (D. Del.); *Novartis Pharms. Corp. v. Alkem Labs. Ltd. et al.*, C.A. No. 19-1979 (D. Del.); *Novartis Pharms. Corp. v. Accord Healthcare Inc.*, C.A. No. 18-1043 (D. Del.).

31.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Biocon Pharma Ltd., this Court may exercise jurisdiction over Biocon Pharma Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Biocon Pharma Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Biocon Pharma Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing an ANDA with the FDA and manufacturing and selling generic

pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Biocon Pharma Ltd. satisfies due process.

## BACKGROUND

### U.S. PATENT NO. 8,853,156

32.    On October 7, 2014, the PTO duly and legally issued United States Patent No. 8,853,156 (the "'156 Patent") entitled "Treatment for Diabetes in Patients Inappropriate for Metformin Therapy" to inventors Klaus Dugi, Eva Ulrike Graefe-Mody, Ruth Harper, and Hans-Juergen Woerle. A true and correct copy of the '156 Patent is attached as Exhibit 1.

### U.S. PATENT NO. 9,486,526

33.    On November 8, 2016, the PTO duly and legally issued United States Patent No. 9,486,526 (the "'526 Patent") entitled "Treatment for Diabetes in Patients Inappropriate for Metformin Therapy" to inventors Klaus Dugi, Eva Ulrike Graefe-Mody, Ruth Harper, and Hans-Juergen Woerle. A true and correct copy of the '526 Patent is attached as Exhibit 2.

### U.S. PATENT NO. 10,034,877

34.    On July 31, 2018, the PTO duly and legally issued United States Patent No. 10,034,877 (the "'877 Patent") entitled "Treatment for Diabetes in Patients Inappropriate for Metformin Therapy" to inventors Klaus Dugi, Eva Ulrike Graefe-Mody, Ruth Harper, and Hans-Juergen Woerle. A true and correct copy of the '877 Patent is attached as Exhibit 3.

### U.S. PATENT NO. 11,911,388

35.    On February 27, 2024, the PTO duly and legally issued United States Patent No. 11,911,388 (the "'388 Patent") entitled "Treatment for Diabetes in Patients with Insufficient Glycemic Control Despite Therapy with an Oral or Non-oral Antidiabetic Drug" to inventors Eva Ulrike Graefe-Mody, Thomas Klein, Michael Mark, and Hans-Juergen Woerle. A true and correct copy of the '388 Patent is attached as Exhibit 4.

**TRADJENTA®**

36.    BIPI is the holder of New Drug Application ("NDA") No. 201280 (the "TRADJENTA® NDA") for linagliptin, for oral use, in 5 mg dosage, which is sold under the trade name TRADJENTA®.

37.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '156 Patent is listed in the "Orange Book" with respect to TRADJENTA®.

38.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '526 Patent is listed in the "Orange Book" with respect to TRADJENTA®.

39.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '877 Patent is listed in the "Orange Book" with respect to TRADJENTA®.

40.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '388 Patent is listed in the "Orange Book" with respect to TRADJENTA®.

41.    The '156 Patent covers the TRADJENTA® product and the use thereof.

42.    The '526 Patent covers the TRADJENTA® product and the use thereof.

43.    The '877 Patent covers the TRADJENTA® product and the use thereof.

44.    The '388 Patent covers the TRADJENTA® product and the use thereof.

**Acts Giving Rise To This Action**

45.    Plaintiffs reallege paragraphs 1-44 as if fully set forth herein.

46.    On information and belief, Biocon submitted the Biocon ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Biocon ANDA Product.

47.    The Biocon ANDA refers to and relies upon the TRADJENTA® NDA and contains data that, according to Biocon, demonstrates the bioavailability or bioequivalence of the Biocon ANDA Product to TRADJENTA®.

48.     Plaintiffs received a letter from Biocon on or about March 18, 2025, stating that Biocon had included a certification in the Biocon ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '156, '526, '877, and '388 patents are invalid (the "Biocon Paragraph IV Certification"). The factual and legal bases in the letter does not dispute that Biocon will infringe at least one claim of each of the '156, '526, '877, and '388 Patents. Biocon intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Biocon ANDA Product prior to the expiration of the '156, '526, '877, and '388 Patents.

49.     Biocon's Paragraph IV letter includes very limited information about the nature and form of the Biocon ANDA Product, including little to no information regarding how the Biocon ANDA Product is manufactured or the amounts and ingredients of such Product.

50.     The Biocon Paragraph IV Certification offered confidential access to unspecified portions of the Biocon ANDA ("Offer of Confidential Access" or "OCA") on terms and conditions set by Biocon. Biocon requested that Boehringer accept the terms of the OCA before receiving access to the unspecified portions of the Biocon ANDA.

51.     Under 21 U.S.C. § 355(c)(3)(D)(i)(III), an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

52.     The OCA contained unreasonable restrictions, above and beyond those that would apply under a protective order, on who could view the Biocon ANDA. For example, the OCA did not offer access to the entire Biocon ANDA and did not permit any access by Boehringer's in-house counsel. The OCA also did not grant access to the Drug Master File ("DMF") that supports the Biocon ANDA or samples of the Biocon ANDA Product.

53.     After receiving the Biocon Paragraph IV Certification, Boehringer negotiated with Biocon to obtain a copy of the Biocon ANDA under terms "as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." Boehringer also attempted to negotiate access to samples of the Biocon ANDA Product and the DMF related to the Biocon ANDA Product.

54.     On March 27, 2025, Boehringer requested access to the complete Biocon ANDA, the DMF, and samples of the Biocon ANDA Product. Boehringer also requested that Biocon modify its OCA to permit access by certain in-house counsel at Boehringer. The parties then exchanged multiple emails and letters regarding the terms of Biocon's OCA on April 2, 6, 8, 9, and 14. During these negotiations, Boehringer made multiple compromise proposals.

55.     On April 17, 2025, Biocon agreed to provide Boehringer access to the complete Biocon ANDA under negotiated OCA terms. Biocon sent Boehringer the updated OCA for execution on April 21, 2025. Boehringer returned to Biocon the fully executed OCA the same day. Biocon provided Boehringer access to the complete Biocon ANDA on April 22, 2025. On April 25, 2025, Biocon provided a replacement for certain corrupted files in Biocon's April 22 production. Biocon refused to provide any access by Boehringer to the DMF or samples of the Biocon ANDA Product.

56.     Under the Hatch-Waxman Act, an owner of a patented drug must file an action in federal court within 45 days of receiving a Paragraph IV letter in order to receive certain benefits under the Act, including a stay of approval of the generic drug for 30 months during the pendency of litigation, as appropriate. 21 U.S.C. § 355 (c)(3)(c). Biocon's refusal to produce its DMF and samples of the Biocon ANDA Product, and its unreasonable delay in providing the complete Biocon ANDA has hindered Boehringer's ability to consider information that is relevant to its

infringement analysis of the '156, '526, '877, and '388 Patents. *See Hoffman-La Roche, Inc. v. Invamed, Inc.*, 213 F.3d 1359, 1363–64 (Fed. Cir. 2000).

57.     Provided here as a representative claim for exemplary purposes, claim 1 of the '156 Patent recites: "1. A method of treating and/or preventing metabolic diseases in a patient for whom metformin therapy is inappropriate due to at least one contraindication against metformin comprising orally administering to the patient a DPP-IV inhibitor wherein the contraindication is selected from the group consisting of: renal disease, renal impairment or renal dysfunction, unstable or acute congestive heart failure, acute or chronic metabolic acidosis, and hereditary galactose intolerance," and claim 10 of the '156 Patent recites: "The method according to claim 1 wherein the metabolic disorder is type 2 diabetes mellitus and wherein the contraindication is renal disease, renal impairment or renal dysfunction, and wherein said DPP-4 inhibitor is used for said patient in the same dose as for a patient with normal renal function."

58.     On information and belief, the Biocon ANDA Product, when used in accordance with the instructions provided in the prescribing label included in the Biocon ANDA, will cause healthcare providers or clinicians to practice a method of treating and/or preventing type 2 diabetes mellitus in a patient for whom metformin therapy is inappropriate due to renal disease, renal impairment or renal dysfunction by administering an oral dose of linagliptin to the patient in the same dose as for a patient with normal renal function.

59.     Provided here as a representative claim for exemplary purposes, claim 1 of the '526 Patent recites: "A method for treating and/or preventing type 2 diabetes mellitus in a patient having moderate or severe chronic renal impairment or end-stage renal disease comprising orally administering to the patient a DPP-4 inhibitor, which is 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine    or    a    pharmaceutically

12

acceptable salt thereof, wherein said DPP-4 inhibitor is administered in an oral dose of 5 mg per day to said patient, wherein metformin therapy for said patient is ineligible due to contraindication against metformin."

60.    On information and belief, the Biocon ANDA Product, when used in accordance with the instructions provided in the prescribing label included in the Biocon ANDA, will cause healthcare providers or clinicians to practice a method for treating and/or preventing type 2 diabetes mellitus in patients with moderate or severe chronic renal impairment or end-stage renal disease by administering an oral 5 mg dose per day of linagliptin to the patient that is ineligible for metformin due to contraindication against metformin.

61.    Provided here as a representative claim for exemplary purposes, claim 1 of the '877 Patent recites: "A method of treating metabolic diseases in a patient for whom metformin therapy is inappropriate due to at least one contraindication against metformin comprising orally administering to the patient 5 mg of 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine per day wherein the contraindication is selected from the group consisting of: renal disease, renal impairment or renal dysfunction, unstable or acute congestive heart failure, acute or chronic metabolic acidosis, and hereditary galactose intolerance, wherein no adjustment of the daily dose is required for 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine in a patient with mild, moderate or severe renal impairment or end-stage renal disease."

62.    On information and belief, the Biocon ANDA Product, when used in accordance with the instructions provided in the prescribing label included in the Biocon ANDA, will cause healthcare providers or clinicians to practice a method for treating and/or preventing metabolic

diseases in a patient with renal disease, renal impairment, or renal disfunction for whom metformin therapy is inappropriate, by administering linagliptin without dose adjustment.

63.    Provided here as a representative claim for exemplary purposes, claim 1 of the '388 Patent recites: "1. A method for treating metabolic diseases in type 2 diabetes patients with renal impairment and with insufficient glycemic control despite either metformin monotherapy or therapy with metformin in combination with an insulin or an insulin analogue, the method comprising administering a DPP-4 inhibitor which is 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine, or a pharmaceutically acceptable salt thereof, in an oral daily amount of 5 mg, wherein said 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butynl-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine, or a pharmaceutically acceptable salt thereof, is used in combination with either metformin monotherapy or metformin in combination with an insulin or an insulin analogue."

64.    On information and belief, the Biocon ANDA Product, when used in accordance with the instructions provided in the prescribing labels included in the Biocon ANDA, will cause healthcare providers or clinicians to practice a method of treating metabolic diseases in type 2 diabetes patients with renal impairment and with insufficient glycemic control despite either metformin monotherapy or therapy with metformin in combination with an insulin or an insulin analogue by administering linagliptin.

### COUNT I — INFRINGEMENT OF THE '156 PATENT

65.    Plaintiffs reallege paragraphs 1-64 as if fully set forth herein.

66.    Biocon has infringed at least one claim of the '156 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Biocon ANDA, by which Biocon seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Biocon ANDA Product prior to the expiration of the '156 Patent.

67.    Biocon has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Biocon ANDA Product in the event that the FDA approves the Biocon ANDA. Accordingly, an actual and immediate controversy exists regarding Biocon's infringement of the '156 Patent under 35 U.S.C. § 271 (b).

68.    Biocon's manufacture, use, offer to sell, or sale of the Biocon ANDA Product in the United States or importation of the Biocon ANDA Product into the United States during the term of the '156 Patent would further infringe at least one claim of the '156 Patent under 35 U.S.C. § 271 (b).

69.    On information and belief, the Biocon ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '156 Patent either literally or under the doctrine of equivalents.

70.    On information and belief, Biocon had knowledge of the '156 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '156 Patent, either literally or under the doctrine of equivalents.

71.    On information and belief, the offering to sell, sale, and/or importation of the Biocon ANDA Product by Biocon would actively induce infringement of at least one of the claims of the '156 Patent, either literally or under the doctrine of equivalents.

72.    Plaintiffs will be substantially and irreparably harmed if Biocon is not enjoined from infringing the '156 Patent.

73.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

74.     On information and belief, based on the information provided by Biocon to date, the factual contentions in paragraph 45-73 have evidentiary support. On information and belief, the factual contentions in paragraphs 45-73 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

## COUNT II — INFRINGEMENT OF THE '526 PATENT

75.     Plaintiffs reallege paragraphs 1-74 as if fully set forth herein.

76.     Biocon has infringed at least one claim of the '526 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Biocon ANDA, by which Biocon seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Biocon ANDA Product prior to the expiration of the '526 Patent.

77.     Biocon has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Biocon ANDA Product in the event that the FDA approves the Biocon ANDA. Accordingly, an actual and immediate controversy exists regarding Biocon's infringement of the '526 Patent under 35 U.S.C. § 271 (b).

78.     Biocon's manufacture, use, offer to sell, or sale of the Biocon ANDA Product in the United States or importation of the Biocon ANDA Product into the United States during the term of the '526 Patent would further infringe at least one claim of the '526 Patent under 35 U.S.C. § 271 (b).

79.     On information and belief, the Biocon ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '526 Patent either literally or under the doctrine of equivalents.

80.     On information and belief, Biocon had knowledge of the '526 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that they

will aid and abet another's direct infringement of at least one of the claims of the '526 Patent, either literally or under the doctrine of equivalents.

81.    On information and belief, the offering to sell, sale, and/or importation of the Biocon ANDA Product by Biocon would actively induce infringement of at least one of the claims of the '526 Patent, either literally or under the doctrine of equivalents.

82.    Plaintiffs will be substantially and irreparably harmed if Biocon is not enjoined from infringing the '526 Patent.

83.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

84.    On information and belief, based on the information provided by Biocon to date, the factual contentions in paragraph 75-83 have evidentiary support. On information and belief, the factual contentions in paragraphs 75-83 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

## COUNT III — INFRINGEMENT OF THE '877 PATENT

85.    Plaintiffs reallege paragraphs 1-84 as if fully set forth herein.

86.    Biocon has infringed at least one claim of the '877 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Biocon ANDA, by which Biocon seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Biocon ANDA Product prior to the expiration of the '877 Patent.

87.    Biocon has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Biocon ANDA Product in the event that the FDA approves the Biocon ANDA. Accordingly, an actual and immediate controversy exists regarding Biocon's infringement of the '877 Patent under 35 U.S.C. § 271 (b).

88.     Biocon's manufacture, use, offer to sell, or sale of the Biocon ANDA Product in the United States or importation of the Biocon ANDA Product into the United States during the term of the '877 Patent would further infringe at least one claim of the '877 Patent under 35 U.S.C. § 271 (b).

89.     On information and belief, the Biocon ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '877 Patent either literally or under the doctrine of equivalents.

90.     On information and belief, Biocon had knowledge of the '877 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '877 Patent, either literally or under the doctrine of equivalents.

91.     On information and belief, the offering to sell, sale, and/or importation of the Biocon ANDA Product by Biocon would actively induce infringement of at least one of the claims of the '877 Patent, either literally or under the doctrine of equivalents.

92.     Plaintiffs will be substantially and irreparably harmed if Biocon is not enjoined from infringing the '877 Patent.

93.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

94.     On information and belief, based on the information provided by Biocon to date, the factual contentions in paragraph 85-93 have evidentiary support. On information and belief, the factual contentions in paragraphs 85-93 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

## COUNT IV — INFRINGEMENT OF THE '388 PATENT

95.    Plaintiffs reallege paragraphs 1-94 as if fully set forth herein.

96.    Biocon has infringed at least one claim of the '388 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Biocon ANDA, by which Biocon seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Biocon ANDA Product prior to the expiration of the '388 Patent.

97.    Biocon has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Biocon ANDA Product in the event that the FDA approves the Biocon ANDA. Accordingly, an actual and immediate controversy exists regarding Biocon's infringement of the '388 Patent under 35 U.S.C. § 271 (b).

98.    Biocon's manufacture, use, offer to sell, or sale of the Biocon ANDA Product in the United States or importation of the Biocon ANDA Product into the United States during the term of the '388 Patent would further infringe at least one claim of the '388 Patent under 35 U.S.C. § 271 (b).

99.    On information and belief, the Biocon ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '388 Patent either literally or under the doctrine of equivalents.

100.    On information and belief, Biocon had knowledge of the '388 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '388 Patent, either literally or under the doctrine of equivalents.

101.    On information and belief, the offering to sell, sale, and/or importation of the Biocon ANDA Product by Biocon would actively induce infringement of at least one of the claims of the '388 Patent, either literally or under the doctrine of equivalents.

102.    Plaintiffs will be substantially and irreparably harmed if Biocon is not enjoined from infringing the '388 Patent.

103.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

104.    On information and belief, based on the information provided by Biocon to date, the factual contentions in paragraph 95-103 have evidentiary support. On information and belief, the factual contentions in paragraphs 95-103 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

105.    The foregoing factual contentions in paragraphs 1-104 have evidentiary support, or likely will have evidentiary support after a reasonable opportunity for further investigation and discovery.

## Prayer For Relief

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Biocon and for the following relief:

a.    A Judgment be entered that Biocon has infringed at least one claim of the '156 Patent by submitting the Biocon ANDA;

b.    A Judgment be entered that Biocon has infringed at least one claim of the '526 Patent by submitting the Biocon ANDA;

c.    A Judgment be entered that Biocon has infringed at least one claim of the '877 Patent by submitting the Biocon ANDA;

d.    A Judgment be entered that Biocon has infringed at least one claim of the '388 Patent by submitting the Biocon ANDA;

e.    A Judgment be entered that Biocon, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be

preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '156, '526, '877, and '388 Patents, and (ii) seeking, obtaining or maintaining approval of its ANDA until the expiration of the '156, '526, '877, and '388 Patents or such other later time as the Court may determine;

f.      A Judgment be entered ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the Biocon ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration date of the '156, '526, '877, and '388 Patents, including any extensions;

g.      That Boehringer be awarded monetary relief if Biocon commercially uses, offers to sell, or sells its proposed generic version of TRADJENTA® or any other product that infringes the '156, '526, '877, and '388 Patents, within the United States, prior to the expiration of that patent, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

h.      A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

i.      Costs and expenses in this action; and

j.      Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Jeanna M. Wacker
Sam Kwon
Christopher Ilardi
Eliana Applebaum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

James F. Hurst
Bryan S. Hales
Tasha Francis Gerasimow
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
(312) 862-2000

April 30, 2025

Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*