IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, <br><br> Plaintiffs, <br><br> v. <br><br> BIOCON LIMITED, BIOCON PHARMA, INC. and BIOCON PHARMA LIMITED, <br><br> Defendants. | C.A. No. 25-523 (CFC) |

## CONSENT JUDGMENT

WHEREAS Plaintiffs Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharma GMBH & Co. KG (collectively, "Boehringer") and Defendants Biocon Ltd., Biocon Pharma, Inc., and Biocon Pharma Ltd. ("Biocon") have agreed to terms and conditions representing a negotiated resolution of this action. Now the parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment in this action as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.

2. As used in this Consent Judgment, (i) the term "the '156 Patent" means U.S. Patent No. 8,853,156, which Biocon agrees is valid and enforceable, (ii) the term "the '526 Patent" means U.S. Patent No. 9,486,526, which Biocon agrees is valid and enforceable, (iii) the term "the '877 Patent" means U.S. Patent No. 10,034,877, which Biocon agrees is valid and enforceable, (iv) the term "the '388 Patent" means U.S. Patent No. 11,911,388, which Biocon agrees is valid and enforceable, (v) the term "Biocon Tradjenta ANDA Product" shall mean Biocon's ANDA No. 220117 together with any supplements, amendments, or replacements thereto, and (iv) the term "Affiliate" shall mean any entity controlling, controlled by, or under common control with a Party, but only as long as such control continues, where "control" means: (1) the ownership of at least fifty percent (50%) of the equity or beneficial interest of such entity, or the right to vote for or appoint a majority of the board of directors or other governing body of such entity; or (2) the power to directly or indirectly direct or cause the direction of the management and policies of such entity by any means whatsoever.

3. Unless specifically authorized or otherwise modified between the parties, Biocon, including any of its successors and assigns, is enjoined from making, having made, using, selling, offering to sell, importing or distributing the Biocon

Tradjenta ANDA Product, on its own part or through any Affiliate, officer, agent, servant, employee or attorney, or through any person in concert or coordination with Biocon or its Affiliates, through and until the expiration of the '156 Patent, the '526 Patent, the '877 Patent, and the '388 Patent, including any patent term extension and/or patent term adjustment. If Boehringer becomes entitled to any other regulatory exclusivities that are not referenced herein, Boehringer may apply to the Court for modification of the consent judgment to incorporate such specified exclusivity.

4. The Parties agree that, in the event of violation of the terms of this Consent Judgment or any related agreement(s), jurisdiction and venue for an action to enforce performance under this Consent Judgment, including for a preliminary injunction against the breaching conduct, exists in this District Court, and the Parties hereby waive any and all defenses based on personal jurisdiction and venue.

5. Nothing herein prohibits or is intended to prohibit Biocon from maintaining and/or (e.g., in the case of a recertification pursuant to 21 C.F.R. § 314.96(d)) filing a "Paragraph IV Certification" pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) or pursuant to 21 C.F.R. § 314.94(a)(12) with respect to the '156 Patent, the '526 Patent, the '877 Patent, or the '388 Patent.

6. This Court retains jurisdiction to enforce or supervise performance under this Consent Judgment and any related agreement(s).

7. The Complaint and all remaining claims, counterclaims, or affirmative defenses in the above action are dismissed without prejudice and without costs, disbursements, or attorney fees to any party.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SMITH, KATZENSTEIN & JENKINS LLP |
| /s/ Megan E. Dellinger | /s/ Neal C. Belgam |
| Brian P. Egan (#6227)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>began@morrisnichols.com<br>mdellinger@morrisnichols.com | Neal C. Belgam (#2721)<br>Daniel A. Taylor (#6934)<br>1000 West Street, Suite 1501<br>Wilmington, DE 19801<br>(302) 652-8400<br>nbelgam@skjlaw.com<br>dtaylor@skjlaw.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

October 24, 2025

SO ORDERED this 28th day of October, 2025.

_____
The Honorable Colm F. Connolly
Chief, United States District Court Judge